UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LEASURE *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLMARK COMMUNITIES, INC. *et al.*, <br><br> Defendants. | Civil No. 11cv443-L(POR) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

In this fair debt collection practices action Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs opposed the motion and Defendants replied. For the reasons which follow, the motion is **DENIED**.

Plaintiffs were renting an apartment from Defendants at Creekside Meadows Apartments. After approximately a year, they gave notice and terminated their lease effective on October 31, 2010 because Defendants failed to make good on their promise that, due to their disabilities, Plaintiffs could move to a ground floor apartment when one became available. Plaintiffs vacated the premises on October 30, 2010. On or about November 22, 2010 Defendants sent a bill to Plaintiffs and demanded payment of October rent, which had allegedly already been paid, "accelerated" payment of rent for future months, late fees, and other fees and charges. When Plaintiffs protested, Defendants presented a second, smaller bill on December 7, 2010, which still contained a demand for rent for time after the October 31, 2010 termination date, and other

fees and charges which Plaintiffs disputed.  Thereafter, Plaintiffs' counsel communicated with the debt collector, informed them that the debt was disputed, and that Plaintiffs were represented by counsel.  However, no response was received.  On January 14, 2011 Defendants sent another demand for payment to Plaintiffs, threatening a negative credit report and a lawsuit.

Plaintiffs filed an action in this court against Defendants, seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, California statutory landlord-tenant laws and common law fraud.  The court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 because Plaintiffs alleged a federal claim under the FDCPA.

Defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim.  A Rule 12(b)(6) motion tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.  "In addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief."  *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are couched as factual allegations.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendants argue that the FDCPA claim should be dismissed because they are not debt

collectors and that rent and other unpaid residential tenancy obligations are not consumer debts for purposes of the FDCPA. The FDCPA applies to debt collectors. *See* 15 U.S.C. § 1692; *see also id.* §§ 1692e & 1692f. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Excluded from the definition are creditors and their employees who collect debts on behalf of the creditor. *Id.* § 1692a(6)(a). Included in the definition is "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* § 1692a(6).

Defendants maintain that they are in the apartment rental business and not in the debt collection business, and that they are therefore exempt from the FDCPA definition of debt collector. The court cannot rely on these representations, because it generally may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Plaintiffs alleged that the debt collector did not identify itself in its attempts to collect, but instead referred to itself only as "Creekside Apartments." (Compl. at 7.) Plaintiffs therefore could not identify the debt collector with more specificity. Their theory of the claim is that one Defendant, either Willmark Communities, Inc. or Alpine Creekside, Inc., was the landlord and the other its debt collector or name used for debt collection purposes. Federal Rules permit for pleading claims in the alternative. Fed. R. Civ. Proc. 8(d)(2). The debt collector having failed to identify itself in the debt collection correspondence, Plaintiffs cannot determine which Defendant is the debt collector until the case proceeds to discovery. Under these circumstances Defendants cannot complain that Plaintiff did not sufficiently allege which one of them was the debt collector. Because "debt collector" includes a third party hired by the creditor to collect the debt or a creditor who uses another name for debt collection purposes, Plaintiffs have adequately alleged that one of the Defendants is a debt collector for purposes of the FDCPA.

Next, Defendants contend that Plaintiffs cannot state an FDCPA claim because rent and

other unpaid residential tenancy obligations are not "consumer debts." The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).[1] Defendants do not cite any legal authority in support of their argument, but simply point out that the Ninth Circuit Court of Appeals so far has not held that rent is a consumer debt for purposes of the FDCPA. They do not cite to any legal authority that the appellate court has held to the contrary. The parties agree that the Ninth Circuit has not addressed the issue, and this court is not aware of any Ninth Circuit opinion on point. The court finds persuasive *Romea v. Heiberger & Assoc.*, 163 F.3d 111, 114-15 (2nd Cir. 1998). It held that in light of the language of the FDCPA, there was no reason why residential rent incurred by a consumer should not constitute a debt. Accordingly, Defendants' argument is rejected.

Last, Defendants seek dismissal of the fraud claim for failure to plead it with particularity required by Federal Rule of Civil Procedure 9(b). To comply with Rule 9(b), "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). This requires the pleading to "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks, ellipsis and citations omitted). The allegations must include "the who, what, when, where, and how of the misconduct charged" and "must set forth *more* than the neutral facts necessary to identify the transaction." *Id.* (internal quotation marks and citations omitted, emphasis in original). However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b).

Although Plaintiffs alleged multiple fraud claims (*see* Opp'n at 8), Defendants complain only about the alleged fraud used to induce Plaintiffs to rent in the first place (Defs' Mem. of

---

[1] Defendants do not dispute that Plaintiffs are consumers within the definition of 15 U.S.C. Section 1692a(3) ("any natural person obligated or allegedly obligated to pay any debt").

P.&A. at 4-5). In this regard, Plaintiffs alleged that when they approached Defendants in September 2009, they requested a ground floor apartment due to their disabilities. (Compl. at 3.) However, they were offered a second floor apartment with a promise that they could move to a ground floor apartment when one became available. (*Id.*) In reliance on this promise, Plaintiffs agreed to rent a second floor apartment. (*Id.*) Plaintiffs contend that Defendants did not intend to perform the promise when it was made, but made it simply to induce Plaintiffs to rent the apartment which was available. (*Id.*) After Plaintiffs moved in, numerous ground floor apartments became available, but Defendants refused to perform their promise. (*Id.* at 4.)

Although the allegations could have been more specific, they provide sufficient particulars beyond the neutral facts necessary to identify the transaction to put Defendants on notice of the alleged misconduct so that they can defend against the claim. Accordingly, Defendants' arguments directed to the fraud claim are rejected.

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 6, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL