John L. Smaha, Esq. Bar No. 95855
John Paul Teague, Esq. Bar No. 254249
SMAHA LAW GROUP, APC
7860 Mission Center Court, Suite 100
San Diego, California 92108
Telephone:    (619) 688-1557
Facsimile:    (619) 688-1558

Attorneys for Defendants, Willmark Communities, Inc. and Alpine Creekside, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LEASURE AND AMY LEASURE;<br><br>    Plaintiffs,<br><br>vs.<br><br>WILLMARK COMMUNITIES, INC. a Corporation; and ALPINE CREEKSIDE, INC., a Corporation;<br><br>    Defendant. | Case No.   11-CV-0443-BEN-DHB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE IMPROPER EXPERT TESTIMONY AND FOR RULE 37 SANCTIONS**<br><br>Date:   October 29, 2012<br>Time: 10:30 a.m.<br><br>Judge: Roger T. Benitez<br>Courtroom: 3<br>Case filed: March 3, 2011 |

Defendants, Willmark Communities, Inc. and Alpine Creekside, Inc. (collectively, "Defendants") herein submit this Memorandum of Points and Authorities in support of their Motion to Exclude Improper Expert Testimony and for Rule 37 Sanctions (this "Motion").

## I.

## PRELIMINARY STATEMENT

Defendants were caught completely off-guard by the submission of plaintiffs, George Leasure and Amy Leasure (collectively, the "Plaintiffs"), of the declaration of Richard Alter, Esq. in support of their pending motion for partial summary judgment. (Docket Entry No. 50-4) Neither party disclosed any expert witnesses, no reports were exchanged, and counsel confirmed telephonically that no experts were going to be designated by experts. (Declaration of John Paul Teague, Esq. ("Teague Decl.") at ¶ 2.) The Court is therefore confronted by a complete and abject failure of Plaintiffs to either (1) timely and fully cooperate in expert discovery, or (2) seek leave to designate an expert before submitting this testimony to the Court. Defense counsel have conferred with counsel for Plaintiff, who have refused to withdraw the declaration. Accordingly, Defendants have brought this Motion now to seek an order excluding this improper testimony and for sanctions.

## II.

## SUMMARY OF FACTS

The facts on which this Motion is based are not subject to dispute:

1. The Complaint was filed on March 3, 2011. (Docket Entry No. 1)

2. On November 15, 2011, this Court entered the Order Regulating Discovery and Other Pretrial Proceedings at Docket Entry No. 29 (the "Discovery Order"; Notice of Lodgment at Exhibit "A").

3. In the Discovery Order, the Court stated as follows with respect to expert discovery: "4. Each expert witness designed by a party shall prepare a written report to be provided to all other parties no later than July 16, 2012, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert

testimony ...

*Except as specifically provided below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c)."*

(Docket Entry No. 29 [Emphasis in original].)

4. Plaintiffs did not disclose any expert witnesses, indicated that no experts testimony was anticipated, and no expert reports have been exchanged.

(Teague Dec. at ¶¶ 2-4.)

5. Plaintiffs, without advance notice to the opposing party or any attempt to cure their failure to comply with the Discovery Order, submitted a expert witness's declaration in support of their pending motion for partial summary judgment.

### III.

### ARGUMENT

Each expert who may be called to give opinion evidence at trial under FRE 702, 703 or 705 must be identified. (Fed. R. Civ. Proc. 26(a)(2).) A single individual may serve as both a testifying expert and as a non-testifying consultant, but permit discovery of everything except materials generated or considered by the individual solely in his or her role as a non-testifying consultant. (*Sara Lee Corp. V. Kraft Foods Inc.* (N.D. Ill. 2011) 273 F.R.D. 416, 419– 420; B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. Of New York, Inc. (S.D.N.Y. 1997) 171 F.R.D. 57, 62– any ambiguity regarding capacity is resolved in favor of party seeking discovery; *In re Comm'l Money Ct., Inc., Equipment Lease Litig.* (N.D. OH 2008) 248 F.R.D. 532, 538.) The identification requirement in FRCP 26(a)(2)(A) applies to a broader range of experts than does the written report requirement in Rule 26(a)(2)(B). All persons giving expert testimony must be identified, and a party must provide full and signed written reports for experts who are retained or specially employed to provide expert testimony at trial or for purposes of summary judgment.

Pursuant to FRCP 26(a)(2)(B):

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case. (Emphasis added).

A party who fails properly to disclose its experts and their reports may be barred from using any expert testimony not so disclosed ... unless the failure to disclose was "substantially justified" or "harmless." (See FRCP 37(c)91); *Heidtman v. County of El Paso* (5th Cir. 1999) 171 F.3d 1038, 1040 (untimely disclosure of expert witnesses); *ClearOne Communications, Inc. v. Biamp Systems* (10th Cir. 2011) 653 F.3d 1163, 1176– generally, a party who fails to comply with expert disclosure requirements, may not introduce expert witness' testimony at trial or at summary judgment; *Tokai Corp. V. Easton Enterprises, Inc.* (Fed. Cir. 2011) 632 F3d 1358, 1365– same preclusion when use sought on summary judgment hearing.) In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions in its discretion. (*Fitz, Inc. v. Ralph Wilson Plastics Co.* (D. N.J. 1999) 184 F.R.D 532, 536.)

In this case, the Court ordered expert witness disclosure to occur on or before May 4, 2012, and written reports to be provide by **July 16, 2012**. This disclosure requirement specifically applied to "all persons retained or specially employed to provide expert testimony

*... Except as specifically provided below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c)"* (Emphasis in original). Thus Plaintiff was aware of the potential for sanctions under Rule 37(c) as a possibility for failure to comply.

Rule 37, subsections (b) and (c) provide, in pertinent part as follows:

**(b) Failure to Comply with a Court Order.** . . .

(A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . .

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part; . . .

(v) dismissing the action or proceeding in whole or in part; . . .

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). . . .

District court judges have broad discretion in deciding whether to admit or exclude expert testimony pursuant to Rule 702. (*General Elec. Co. V. Joiner* (1997) 522 U.S. 136, 141–142; *United States v. DiDomenico* (2nd Cir. 1993) 985 F.2d 1159, 1163.) The proponent of expert testimony bears the burden to establish "by a preponderance of the evidence that the admissibility requirements are met." (*Salinas v. Amteck of Ky., Inc.* (N.D. Cal. 2010) 682 F.Supp.2d 1022, 1029.) Under Rule 702, the trial court is obliged to act as a "gatekeeper" to ensure that expert testimony is both reliable and relevant to the issues being tried. (*Id.* at 1029-30 (quoting *Daubert v. Merrell Dow Pharms., Inc.* (1993) 509 U.S. 579, 59). Concerning untimely disclosures – or a declaration in this case, a District Court may appropriately strike untimely expert disclosures under Rule 37. (See ergo, *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.* (Fed. Cir. 2003) 109 F.3d 739.)

### A.  Plaintiffs Failed to Timely Disclose an Expert or Seek Leave for Late Disclosure

There is no dispute that the above heading is a correct statement of the facts in this case. It cannot be stressed enough that Plaintiffs made absolutely no attempt to rectify their failure to comply with the Discovery Order and Rules 16 and 26 of the Federal Rules of Civil Procedure, as concerning expert witnesses. (Teague Decl. at ¶ 2.) This declaration – from a purported expert on the landlord-tenant industry – came as a complete surprise to Defendants and its submission greatly prejudices Defendants in having to respond to it at this late date, a month after all discovery was to be completed. Rather than seeking leave for late disclosures, Plaintiffs sat on their hands and ambushed defense counsel with an surprise declaration. At this point belated attempts at compliance cannot preclude sanctions, including both evidentiary and monetary sanctions. (See ergo *Lee v. Walter* (D. Ore. 1997) 172 F.R.D. 412.)

### B.  Plaintiffs Improperly Attempt to Shift the Burden of Substantial Justification for their Discovery Misconduct on Defendants and Sanctions are Appropriate

As stated above, defense counsel did seek a withdrawal of Mr. Alter's declaration before filing this Motion on the last day for pre-trial motions as set by the Discovery Order. Plaintiffs' response was to blame Defendants for contesting a subpoena issud to former counsel

for "billing records." Beyond this they claimed that Mr. Alter's testimony will not be necessary if those records are produced by the deadline set by Magistrate Judge Bartick of October 4, 2012. (See Docket Entry No. 47; Teague Decl. at Exhibit "C.") Then their tact was to claim "substantial justification" – despite making no effort ahead of time to inform defense counsel of their intent to seek expert opinion testimony – and cite to a case in support where a *properly disclosed* expert's recently formed opinion was properly *excluded* where that opinion had not been set forth in the expert report and that report had not been supplemented. (See *Southern States Rack & Fixture v. Sherwin Williams* (4th Cir. 2003) 318 F.3d 592, 597.) None of the factors for "substantial justification" are met in this case, not least for the fact that Plaintiffs cannot cure the inability of Defendants to conduct their own expert discovery and submit rebuttal expert opinion because Defendants have complied with the rules. The important and relevance of the testimony is also disputed and highly suspect.

What Plaintiff's position amounts to is an impermissible attempt to shift the burden on Defendants by requiring them to bring this motion and thereby force the issue when Plaintiffs were *required* to seek relief from their failure to comply with the Discovery Order *before* submitting their expert's declaration to this Court. This is a complete and abject failure to follow the rules and comply with a court order. It could not be any more straightforward than this, and the Court should ignore any argument in opposition to this Motion as to "substantial justification" because the time for that argument has come and gone. A party acts sufficiently willfully for sanctions when it "has the ability to comply with a discovery order and does not." *Taylor v. Medtronics* (6th Cir. 1988) 861 F.2d 980, 985.)

On the basis of the foregoing, Defendants request sanctions under Rule 37, including:

1. Striking the Declaration of Mr. Alter from the Record, excluding all expert testimony from this action, and enjoining Plaintiffs from submitted expert testimony absent leave from the Court; and
2. Awarding attorneys fees and costs associated with the improper submission of the expert testimony, including, but not limited to, bringing this Motion.

C. **Mr. Alter's Declaration is also Properly Excluded on Other Grounds**

In addition to the untimeliness of defendant's expert declaration, and the failure to comply with the Discovery Order and pertinent Federal Rules of Civil Procedure – which failure deprived Defendants of an opportunity to conduct their own expert discovery – defendant's proposed expert testimony should be excluded on several additional grounds, including the fact that it is irrelevant to this action. Moreover, it simply confuses the issues in this case. Testimony that does not help a trier of fact understand the evidence or determine a fact in issue "is properly excluded under Rule 702 and also Rule 403 as a waste of court time." (*Kolesar v. United Agri Prods., Inc.*) (W.D. Mich. 2006) 412 F. Supp. 2d 686, 698.)

Here, Mr. Alter professes to be an expert on landlord-tenant law, although he expresses no special knowledge of the facts in this case or expertise in the area of Fair Debt Collection Practices Act jurisprudence as applied to landlords. The purpose of his testimony appears to be to establish a 30:1 ratio that is **entirely *anecdotal*** in nature and not proper expert testimony. Indeed, Plaintiffs claim that his testimony would be entirely mooted by the pending production of invoices. However, this issue of unlawful detainers filed by an outside law firm is entirely manufactured and irrelevant to this action. In the same way that foreclosing on a property pursuant to a deed of trust is not debt collection within the meaning of the state or federal statutes, a unlawful detainer action is not debt collection. (See ergo *Arvizu v. GMAC Mortgage, LLC, No.* (E.D.Cal. Mar.23, 2011) 2011 WL 1087157, at *3–4 – rejecting claims that foreclosing on property and filing an unlawful detainer action supported cognizable claims under the Fair Debt Collection Practices Act.

Without tying in an outside law firm's prosecution of unlawful detainer to "debt collection" in the first place, the cases cited by Plaintiffs in support of their subpoena dealt with particular issues of conduct on the part of the defendant – not third parties or creditors – in informing the court as to the regularity of debt collection. None of the cases cited involved creditors collecting their own debt, as in this case. The cases involving attorneys clearly involve whether the law firms are debt collectors, and this has no bearing on the Defendants as there is issue of vicarious liability to client/creditors. (See *Havens Tobias v. Eagle* (S.D. Ohio 2001) 127 F.Supp.2d 889, 898; *Conner v. Howe* (S.D. Ind.

2004) 344 F.Supp.2d 1164, 1170; see also *Scally v. Hilco Receivables, LLC* (N.D. Ill. 2005) 392 F.Supp.2d 1036, 1040–1041—buyer of credit card debt not vicariously liable for debt collector's Federal FDCPA violation; *Caron v. Charles E. Maxwell, P.C.* (D. Ariz. 1999) 48 F.Supp.2d 932, 936 – homeowner association not vicariously liable for attorney's conduct while attempting to collect debt.) No authority cited by Plaintiffs makes the connection between unlawful detainer actions prosecuted by outside counsel and the statutory definition of a debt collector. Indeed, in the case of creditors/landlords or affiliated entities under 15 U.S.C. § 1692(a)(6)(B), regularity is irrelevant because the issue is whether the "principal purpose" or "principal business" of the entity defendant is debt collection. Indeed, the one case cited the Plaintiffs' opposition to the pending motion for summary judgment involved direct liability on the lawyer engaged in consumer debt-collection on behalf a creditor-client and did not implicate vicarious liability, starkly contradicting any claims of relevance. (See also *Heintz v. Jenkins* (1995) 514 U.S. 219, 295.)

Finally, an expert's opinion at trial may be admissible even if it fails to disclose the facts or data relied upon. (See FRE 705) However, on a motion for summary judgment, the sufficiency of an expert's affidavit is governed by Rule 56(c)(4). Under Rule 56(c)(4), the expert must back up his or her opinion with specific facts supporting the expert's opinion and the factual basis for the opinion. This makes Plaintiffs' failure to provide Defendants an opportunity to conduct their own expert discovery all the more prejudicial. The anecdotal declaration is seemingly thrown in to see if it sticks, without any contextual or factual support.

Accordingly, Rule 403 of the Federal Rules of Evidence, and the improper nature of the anecdotal experiences of Mr. Alter disguised as "expert" opinion, justify the preclusion and striking of the declaration in this case. Given the clear lack of relevance, Plaintiffs' intention by admitting such evidence can only be to prejudice the Defendants and cause the jury to look negatively or with ill feelings towards the plaintiff. Certainly, the issues will be confused by the admission of such evidence. And the probative value of the evidence is nonexistent.

///

///

## IV.

## CONCLUSION

This motion seeks to exclude expert witness testimony based upon a deficiency in the required expert witness declarations or improper expert testimony. These challenges typically arise where there has been late-filed reports, or the expert fails to provide complete opinions at the time of his or her deposition. This case is unique in that the failure to comply with a court order is so extreme that Plaintiffs simply surprised Defendants by the submission of expert testimony at summary judgment when no disclosures or discussion of expert witnesses was made before the discovery cutoff in this case of August 31, 2012. Once again, no attempt whatsoever was made by Plaintiffs to rectify their failure and seek leave to submit late disclosures.

For the foregoing reasons, the declaration of Mr. Alter is improper and therefore inadmissible. Defendants request that the declaration be stricken from the record, that Plaintiffs be precluded from submitting any expert testimony in this matter given their abject failure to comply with the Discovery Order, and that Defendants be awarded reasonable fees and costs. These sanctions are proper against a party that fails to comply with discovery orders, and the preclusion of evidence not disclosed in a timely manner or when ordered by the court is appropriate.

Dated: September 28, 2012        SMAHA LAW GROUP

/s/John L. Smaha
John L. Smaha, Esq.
John Paul Teague, Esq.,
Attorneys for Defendants Willmark
Communities, Inc. and Alpine Creekside, Inc.

W:\SCHMIDT\Alpine Creekside\Leasure v. WM Communities, et al\Motion to Exclude Improper Expert Opinion\102.Ps&As.wpd

## IV.

## CONCLUSION

This motion seeks to exclude expert witness testimony based upon a deficiency in the required expert witness declarations or improper expert testimony. These challenges typically arise where there has been late-filed reports, or the expert fails to provide complete opinions at the time of his or her deposition. This case is unique in that the failure to comply with a court order is so extreme that Plaintiffs simply surprised Defendants by the submission of expert testimony at summary judgment when no disclosures or discussion of expert witnesses was made before the discovery cutoff in this case of August 31, 2012. Once again, no attempt whatsoever was made by Plaintiffs to rectify their failure and seek leave to submit late disclosures.

For the foregoing reasons, the declaration of Mr. Alter is improper and therefore inadmissible. Defendants request that the declaration be stricken from the record, that Plaintiffs be precluded from submitting any expert testimony in this matter given their abject failure to comply with the Discovery Order, and that Defendants be awarded reasonable fees and costs. These sanctions are proper against a party that fails to comply with discovery orders, and the preclusion of evidence not disclosed in a timely manner or when ordered by the court is appropriate.

Dated: September 28, 2012         SMAHA LAW GROUP

/s/John L. Smaha
John L. Smaha, Esq.
John Paul Teague, Esq.,
Attorneys for Defendants Willmark
Communities, Inc. and Alpine Creekside, Inc.

W:\SCHMIDT\Alpine Creekside\Leasure v. WM Communities, et al\Motion to Exclude Improper Expert Opinion\102.Ps&As.wpd